STANDARD ROLLER BEARING CO. v. BERGDOLL.

(District Court, E. D. Pennsylvania. May 18, 1914.)

No. 2674.

1. EVIDENCE (§ 441*)—PAROL EVIDENCE TO VARY WRITING.
   Under an agreement by defendant to pay any and all indebtedness of a company to plaintiff up to but not exceeding a specified amount at any one time, and to pay in full on or before the 20th day of each month for goods delivered during the preceding month, if the company was unable or failed to meet its obligations, it could not be shown to defeat a recovery that plaintiff promised not to sell or deliver goods to the company unless the goods furnished each month were paid for during the following month, especially where there were no allegations of fraud, accident, or mistake, since the federal courts do not, in actions at law, reform writings and in equity only for fraud, accident, or mistake.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763; Dec. Dig. § 441.*]

2. GUARANTY (§ 39*)—LIABILITY—CONDITIONS PRECEDENT—NOTICE.
   Where a written agreement by defendant to pay plaintiff any and all indebtedness of a company up to a specified amount, and to pay it for all goods delivered during each month on or before the 20th of the following month, did not expressly or impliedly provide for notice, it was not a defense to a recovery thereon that defendant never received notice from plaintiff showing the dates of sales to the company and never saw an account showing the sales.
   [Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 48; Dec. Dig. § 39.*]

At Law. Action by the Standard Roller Bearing Company against Louis J. Bergdoll. On motion for judgment for want of a sufficient affidavit of defense. Motion granted.

Henry P. Brown, of Philadelphia, Pa., for plaintiff.

John Weaver, of Philadelphia, Pa., for defendant.

BUFFINGTON, Circuit Judge. [1, 2] In this case the Standard Roller Bearing Company, a corporate citizen of New Jersey, brought suit against Louis J. Bergdoll, a citizen of Pennsylvania, to recover some $12,000 for axles sold, by it to the L. J. Bergdoll Motor Company between July 5, 1912, and February 28, 1913. The allegation of the plaintiff was that the defendant was liable for said goods by his contract with the plaintiff. That contract provided:

"July 5, 1912.

"Memorandum of agreement between Louis J. Bergdoll and Standard Roller Bearing Company, both of Philadelphia, Pa.:

"Whereas, in accordance with the memorandum of agreement between the above parties dated April 13, 1912, the Standard Roller Bearing Company furnished to the L. J. Bergdoll Motor Co. automobile axles and parts to an aggregate value on June 30, 1912, of $13,025.13; and whereas, the said L. J. Bergdoll Motor Company has given to the Standard Roller Bearing Company its promissory notes indorsed by Louis J. Bergdoll in full payment of the said $13,025.13 with interest; and whereas, the aforesaid memorandum of agreement of guaranty on the part of Louis J. Bergdoll was limited to the sum of $14,000.00 at any one time; and whereas, the L. J. Bergdoll Motor Co., is desirous of continuing to purchase axles from the Standard Roller Bearing Com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pany, and to give to the said Standard Roller Bearing Company its guarantee of payment therefor:

"Now therefore, Louis J. Bergdoll, in consideration of the sum of one dollar to him in hand paid and other good and valuable considerations, hereby personally agrees to pay the Standard Roller Bearing Company and any and all indebtedness of the L. J. Bergdoll Motor Co., to the said Standard Roller Bearing Company, up to but not exceeding the amount of $14,000.00 at any one time, said amount being estimated to be the limit of any one month's requirements. The said Louis J. Bergdoll further agrees to pay the Standard Roller Bearing Company in full on or before the 20th day in each month for the axles delivered during the preceding month, provided the L. J. Bergdoll Co. is unable or fails to meet its obligations to the Standard Roller Bearing Company. This agreement to apply to indebtedness incurred on and after July 1st, 1912.          [Signed] Louis J. Bergdoll."

In answer to the suit the defendant sets up: First, that he signed this paper on the faith and credit of a precedent statement of plaintiff's president that plaintiff "would not sell goods to the Louis J. Bergdoll Motor Company unless they could be paid on the 20th of the following month for the goods that they had furnished during the previous month, and that unless the goods were paid for during the following month they would not make any further deliveries." And, second, "that he never received any notice from the plaintiff company showing the dates of the sales to the Louis J. Bergdoll Motor Company, and he never saw an account showing the sales between July 5, 1912," until the statement in the present case was filed, and the only notice of his principal's default was on March 8, 1913.

By the paper in question the defendant became surety for and "personally agrees to pay the Standard Roller Bearing Company any and all indebtedness of the L. J. Bergdoll Company to the said Standard Roller Bearing Company up to and not exceeding the amount of $14,000 at any one time," and he "further agrees to pay the Standard Roller Bearing Company in full on or before the 20th day in each month for the axles delivered during the preceding month, provided the L. J. Bergdoll Company is unable or fails to meet its obligations to the Standard Roller Bearing Company." This agreement is complete, definite, and self-explanatory. Its undertakings are unambiguous, and to change them is to vary what the parties wrote into their contents by what they did not see fit to write into it. The federal courts do not, in actions at law, reform writings, and in equity only on grounds of fraud, accident, or mistake, grounds which are not alleged in the present case.

As to notice it suffices to say the contract neither expressly or impliedly provides for notice. The undertaking of the defendant was unqualified in terms "up to and not exceeding the amount of $14,000."

In accordance with these views the motion for judgment must prevail. The clerk will liquidate the judgment on the basis agreed on at the argument.